

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11. TEXAS

56th Leg., 1959

WILL WILSON
ATTORNEY GENERAL

March 3, 1959

Honorable William M. King
State Securities Commissioner
State Securities Board
Austin, Texas

Opinion No. WW-564

Re: Application of the exemption
contained in Section 5 (I)
of the Securities Act to
sale of oil and gas interests.

Dear Mr. King:

Your letter requesting our opinion relative to the captioned
matter reads in part as follows:

"Section 4 A. of the Securities Act states 'The
term "security" or "securities" shall include . . .
certificate or any instrument representing any inter-
est in or under an oil, gas or mining lease, fee or
title . . .'

"An opinion of your office is requested as to (1)
whether a person selling (as that term is defined
in Section 4. A of the Securities Act) such interest
may claim the exemption of Section 5. I. of the Secu-
rities Act if after the sale of any one such inter-
est the total number of persons holding interests in the
particular oil, gas or mining lease, fee or title,
does not exceed thirty-five and the sale is made with-
out the use of advertisements or any form of public
solicitation.

"If your answer to this question is in the af-
firmative, (2) is it necessary for the person selling
such a security to hold a license under the Securities
Act as a dealer in oil and gas."

Article 581-5, V.C.S, reads in part as follows:

"Except as hereinafter in this Act specifically
provided, the provisions of this Act shall not apply
to the sale of any security when made in any of the
following transactions and under any of the follow-
ing conditions, and the company or person engaged
therein shall not be deemed a dealer within the mean-
ing of this Act; that is to say, the provisions of

> this Act shall not apply, to any sale, offer for
> sale, solicitation, subscription, dealing in or
> delivery of any security under any of the follow-
> ing transactions or conditions:
>
> . . . .
>
> "I. The sale by any corporation of its se-
> curities or by any unincorporated association or
> partnership of interest, where the total member-
> ship or stockholders will not thereafter exceed
> thirty-five (35), and where the sale is made
> without the use of advertisements or any form of
> public solicitation;"

Section I only mentions sales by corporations, unincorporated associations and partnerships; accordingly this exemption can only apply to a transaction where an entity of this character is the vendor.

With respect to unincorporated associations and partnerships, the only security exempted by Section I is the sale of an "interest". In other words, the vendee must acquire a proprietary interest in the partnership or unincorporated association as such. The legislative history of Section I indicates such is the proper construction. The present exemption is really a merger of three sections found in Section 3 (exempt transactions) of the 1955 Securities Act, Acts 54th Legislature, R.S., 1955, Chapter 67, Article 579-1 through 579-42 V.C.S. and Section 3 of the Insurance Securities Act, Acts 54 Legislature, R.S. 1955, Chapter 384, Article 580-1 through 580-39 V.C.S. Those sections were Sections 3(j), (k) and (l). Section 3(k), which is the section applicable to partnerships, pools or other companies not a corporation, exempted only "the sale of an interest in a partnership, etc." Therefore, with respect to sales in which the vendor is an unincorporated association or partnership, in order for the sale to qualify as exempt under Section I, the sale must be of an interest in the vendor-association or partnership, as the case may be, and after the sale there must not be more than thirty-five members in the association or partnership. (Of course, the sale must be made without the use of advertisement or advertisements or any form of public solicitation.)

Concerning corporations, Section I only exempts from the Securities Act, sales made by corporations of its securities, which could result in increasing the stockholders of the corporation. The only securities that a corporation could sell that could increase the number of stockholders would be shares of its capital stock.

The exemption contained in Section I is only applicable to the sale of a security that would result in the vendee acquiring a proprietary interest in the corporation, unincorporated association or partnership. The number of persons holding an interest in or under an oil,

gas or mining lease, fee or title as a result of the sale is immaterial as far as such exemption is concerned.

The purchaser of an interest in or under an oil, gas or mining lease, fee or title from a corporation does not thereby become a stockholder in the seller corporation. The mere purchase of an interest in or under an oil, gas or mining lease, fee or title from an unincorporated association or partnership does not thereby make the purchaser a member of the unincorporated association or partnership which sold the security and the purchaser does not acquire an "interest" therein. Of course, by subsequent contract, either express or implied, or by subsequent acts or conduct amounting to an estoppel such purchaser could become a member thereof or acquire an interest therein, but the mere purchase of an interest in or under an oil, gas or mining lease, fee or title would not make the purchaser a member of the unincorporated association or partnership, or amount to the acquisition of an interest therein, or make him a stockholder in a seller corporation.

Your first question is therefore answered in the negative. We are not passing on your second question, in that it was predicated on an affirmative answer to your first question.

### SUMMARY

The seller of any interest in or under an oil, gas or mining lease, fee or title may not claim the exemption contained in Section I. of Article 581-5 V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: W. V. Geppert

WVG/fb

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Morgan Nesbitt